**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| _____ ) | |
| **ANAMARIA P. MATOS,** ) | |
| 226 Gretna Green Court ) | |
| Alexandria, VA 22304 ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| **v.** ) | |
| ) | |
| **JOHN B. KING, SECRETARY,** ) | |
| **U.S. DEPARTMENT OF EDUCATION,** ) | **Jury Requested** |
| Lyndon Baines Johnson ) | |
| Department of Education Building ) | |
| 400 Maryland Ave, SW ) | |
| Washington, DC 20202 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Anamaria P. Matos (hereinafter "Plaintiff" or "Ms. Matos"), by and through her undersigned counsel, and sues the U.S. Department of Education (hereinafter "the Department of Education" or "Defendant"), and for cause of action states, as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111, *et seq.*; ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 1981a; for relief from discrimination based on disability (extreme sensitivity to chemical and synthetic fragrances),  hostile work environment, and failure to accommodate.

## JURISDICTION AND VENUE

2.      This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C.

§ 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United

States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et*

*seq*.; Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111, *et*

*seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Civil Rights Act of

1991, 42 U.S.C. § 1981a.

3.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §

1343.

4.      Venue is appropriate and based on the fact that a substantial part of the actions

complained of are the result of actions and employment practices of Defendant, an Agency of the

Federal Government that operates within the District of Columbia, that took place within the

District of Columbia.  28 U.S.C. § 1391. Venue is further proper in this district because there is

no other district in which this action may otherwise be brought.  *Id.*

5.      Venue is further appropriate because a substantial part of the events or omissions

giving rise to this Complaint occurred within the offices of the Department of Education, which

operates and is headquartered in the District of Columbia.

## PARTIES

6.      Plaintiff, Anamaria P. Matos, is currently domiciled at 226 Gretna Green Court,

Alexandria, VA 22304.  Plaintiff is a resident of the State of Virginia and a United States citizen.

7.      Secretary John B. King is being sued in his official capacity as Secretary of the

Department of Education.

8.     Defendant, the U.S. Department of Education is an instrumentality of the federal government that establishes policy for, administers and coordinates most federal assistance to education in the United States, and is subject to suit for the unlawful, discriminatory acts and/or omissions of its employees or agents and is therefore liable, pursuant to the doctrine of *Respondeat Superior*.  Defendant is headquartered at the Lyndon Baines Johnson Department of Education Building, 400 Maryland Ave, SW Washington DC 20202.

## EXHAUSTION OF REMEDIES

9.     Ms. Matos has exhausted all of her administrative remedies and now timely files this complaint within 90 days of her receipt of the Final Agency decision issued in this matter.

## FACTUAL BACKGROUND

10.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

11.     At all times relevant to the claims made herein, Plaintiff was an employee of the Department of Education.

## INCIDENT

12.     Anamaria P. Matos is an employee of the Department of Education, Office of Federal Student Aid as an IT Security Compliance Manager and was working in this capacity for the defendant during all times relevant to this complaint.

13.     Ms. Matos is a person with a disability under the Rehabilitation Act of 1973.

14.     As a result of her disability, Ms. Matos is unable to work in any area where there is a presence of air fresheners, or any other chemical or synthetic fragrances.  Ms. Matos is allergic to such chemicals, and exposure to her allergens renders her ill for several days.

15.     In or about February of 2014, Ms. Matos provided documentation of her disability and her restrictions to her supervisor, Ms. Linda Wilbanks, and the Reasonable Accommodation Manager in Human Resources, Monifa Martin.

16.     In or around February of 2014, Ms. Matos submitted a request for reasonable accommodation, requesting full-time telework.  Telework, and therefore avoiding her allergens, was recommended by Ms. Matos' doctor. With this reasonable accommodation, Ms. Matos would be able to perform all essential functions of her job.

17.     This request would not have created an undue hardship for the Defendant.

18.     On or about July 8, 2014, Federal Occupational Health (hereinafter, "FOH") sent a letter to the Defendant, stating that the Plaintiff is a person with a disability.  This letter was sent as a response to a request for Reasonable Accommodation to allow Ms. Matos to telework full-time.

19.     In or around July of 2014, Ms. Matos was granted full-time telework as a reasonable accommodation.  This arrangement allowed Ms. Matos to perform her duties without suffering the ill effects of her allergies.

20.     On January 26, 2015, the Plaintiff received a letter from her supervisor terminating her Reasonable Accommodation to telework full-time.

21.     In January and February 2015, Ms. Matos' supervisor denied Ms. Matos' requests to telework and informed her that if she did not work at the office, she would have to use her leave.  During this time period, when Ms. Matos would come into the office, her condition would be exacerbated.

22.     In February 2015, Ms. Matos was placed on AWOL on the following dates: February 2-6, 9-13, and 16-20, 2015.

23.     On or about February 25, 2015, Ms. Matos provided medical documentation which informed employer of the actions it needed to take to make safe the environment in which Ms. Matos was slated to work.

24.     On March 9, 2015, Ms. Matos received a letter of reprimand from her supervisor for allegedly not following procedures regarding telework time sheet submissions.

25.     On March 9, 2015, Ms. Matos' supervisor informed her that her AWOL designation would not be reversed.

26.     On September 8, 2015 Ms. Matos was forced to return to the office environment without the protective equipment she requested as a reasonable accommodation.

27.     Ms. Matos has observed that she does not receive the same level of positive reinforcement from Ms. Wilbanks that non-disabled employees receive.  It is Ms. Matos' good faith belief that this treatment is a result of her status as a disabled individual.

28.     Ms. Matos has observed that J.O., the only other disabled individual under Ms. Wilbanks' supervision, does not receive the same positive reinforcement that Ms. Wilbanks provides to other employees.  It is Ms. Matos' good faith belief that this treatment is a result of Mr. O's disability.

29.     Ms. Matos believes that Ms. Wilbanks has on multiple occasions, made statements that demonstrate that she is not happy to have persons with disabilities under her supervision.

## COUNT ONE
### Disability Discrimination, Hostile Work Environment
42  U.S.C. § 2000e-2(a)(1)

30.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

31.     As a result of Plaintiff's protected status, Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII, the ADA, and the Rehabilitation Act.

32.     Plaintiff was regularly and continually subjected to harassing conduct that alleged throughout this Complaint, which created a hostile and abusive work environment.

33.     Plaintiff believes that she was subjected to a hostile work environment based on her disabilities (physical).

34.     Defendant's unlawful conduct was unwelcome.

35.     Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint, including not being marked AWOL, being forced to use leave or return to a work environment which exacerbated her condition, and being subjected to derogatory remarks about people with disabilities, created a hostile and abusive work environment.

36.     Plaintiff was subjected to harassment because her disabilities (physical) and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

37.     Defendant knew or should have known of the harassment.  Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

38.     By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

39.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the

theory of *Respondeat Superior.*

40.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

41.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

42.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages in excess of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), as well as pre- and post- judgment interest;

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein;

7

    h.   Award equitable, declaratory, and injunctive relief; and

    i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
**Disability Discrimination, Denial of Reasonable Accommodation**
42 U.S.C. § 2000e-2(a)(1)

43.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

44.    Plaintiff has a disability and she suffers from severe allegories to chemical and synthetic fragrances, and is entitled to reasonable accommodation under the Rehabilitation Act of 1973.

45.    The medical documentation provided by Plaintiff to Defendant established that her medical condition is disabling and affected, among other things, concentrating, thinking, comprehending and learning was significantly impacted.

46.    Plaintiff made repeated requests to Defendant for a reasonable accommodation prior to and after her EEO, EEOC and USDC complaint filings.

47.    Plaintiff repeatedly informed her supervisors of her disability and that she needed: (1) to be provided with an air filtration system for her office, and a respirator; and (2) to be allowed to telework full time, or as often as possible.

48.    Upon information and belief, Defendant provided an accommodation to similarly situated employees (no known EEO activity).

49.    Defendant was unwilling to assist Plaintiff in receiving her reasonable accommodation.

50.     The reasonable accommodation requested by Plaintiff would not have caused an undue burden or hardship on Defendant.

51.     Defendant's failure to provide Plaintiff the reasonable accommodation requested deprived Plaintiff of the opportunity to be as productive as her co-workers in the same work environment.

52.     Plaintiff is a qualified individual with a disability under the ADA and the Rehabilitation Act.

53.     Ms. Matos has always been able to perform the duties and responsibilities of her position with or without a reasonable accommodation.

54.     Plaintiff's medical condition substantially limits major life activities; namely, her ability to learn, concentrate, think and comprehend.

55.     Plaintiff's condition is ongoing in nature.

56.     Plaintiff had the necessary knowledge, skills and experience to successfully perform the duties and responsibilities of an Information Technology Security Compliance Manager.

57.     The unlawful conduct and adverse actions alleged throughout this Complaint are materially adverse action.

58.     Any reason proffered for Defendant's unlawful conduct would not be legitimate, and it would be pretext.

59.     Prior to being subjected to the adverse action herein, Defendant was aware that Plaintiff's medical conditions.

60.     Plaintiff has been treated differently and subjected to different terms and conditions of employment due to her disabilities.

61.     Defendant intentionally discriminated against Plaintiff because of her disabilities in violation of the ADA and the Rehabilitation Act.

62.     Defendant has limited Plaintiff in a way which deprives her of employment opportunities because of her disabilities.

63.     Other employees who were similarly situated, but members of a different protected class than Plaintiff, have received different terms and conditions of employment.

64.     Plaintiff believes that she was subjected to the adverse action herein based upon her disabilities.

65.     By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

66.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

67.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

68.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

69. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred and Twenty-Five Thousand Dollars ($225,000.00), as well as pre- and post- judgment interest;

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
## Equitable Relief

70. Ms. Matos hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

71. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and

regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through its agents, servants, and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.  Order the Defendant to reinstate Ms. Matos' full-time telework arrangement as a reasonable accommodation for her disability;

b.  Order the Defendant to remove any and all record of AWOL charges from the plaintiff's time sheet and personnel file;

c.  Order the Defendant to remove any and all mention of reprimand from her personnel file;

d.  Such other and further relief as this Court deems just and proper.


**JURY DEMAND**

72. Pursuant to Fed. R. Civ. P. 38, Ms. Matos demands trial by jury on all issues so triable.


Dated:
October 17, 2016                          Respectfully submitted,


                              By:    /s/ *Donna Williams Rucker*_____
                                     Donna Williams Rucker (D.C. Bar 446713)

                                     Tully Rinckey, PLLC
                                     815 Connecticut Ave., N.W.,
                                     Suite 720
                                     Washington, DC 20006
                                     (202) 787-1900
                                     DRucker@fedattorney.com

                                     *Counsel for Plaintiff Anamaria P. Matos*